# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

No. 97-31326
Summary Calendar

CLIFFORD RAY BOWMAN,

Petitioner-Appellant,

VERSUS

BURL CAIN, Warden, Louisiana State Penitentiary,

Respondent-Appellee.

Appeal from the United States District Court
for the Western District of Lousiana

(97-CV-412)

May 24, 1999

Before WISDOM[*], JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[**]

Clifford Ray Bowman, Louisiana prisoner #109505, pleaded not guilty and not guilty by reason of insanity to the 1983 murder of his father-in-law. A jury rejected Bowman's insanity defense and found him guilty of first degree murder. The district court sentenced Bowman to life imprisonment without benefit of parole, probation, or suspension of sentence. After exhausting his state remedies, Bowman filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The district court dismissed the petition with prejudice, and Bowman timely filed this appeal. Bowman argues, on insufficiency-of-evidence grounds, that the jury's rejection of his affirmative

---

[*] Judge John Minor Wisdom authored this opinion prior to his death on May 15, 1999.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except in the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defense of insanity violates principles of due process. Bowman's contention lacks merit. We affirm.

To be exempt from criminal responsibility by reason of insanity, a defendant must persuade the jury, by a preponderance of the evidence, that he had a mental disease or defect which rendered him incapable of distinguishing right from wrong with reference to the conduct for which he is criminally charged.[3] The determination of sanity is a factual question reserved for the finder of fact based on all of the evidence, including expert and lay testimony and the defendant's conduct and actions.[4] "Lay testimony pertaining to a defendant's actions, both before and after the crime, may provide the fact finder with a rational basis for rejecting unanimous medical opinion that the defendant was legally insane at the time of the offense."[5]

Because Bowman's insanity defense was adjudicated on the merits at his trial, he cannot obtain federal habeas relief on this issue unless the jury's verdict of sanity "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[6] "[A]n application of law to facts is unreasonable only when it can be said that reasonable jurists considering the question would be of one view that the state court ruling was incorrect. In other words, we can grant habeas relief only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists."[7]

In the instant case, Bowman presented expert testimony regarding his inability to distinguish between right and wrong at the time of the offense. The state presented lay testimony regarding Bowman's belief that he could get away with killing the victim because of Bowman's history of mental illness. Bowman argues that the jury should have found him not guilty by reason

---

[3]     *State v. Roy*, 395 So.2d 664, 665-66 (La. 1981).

[4]     *State v. Silman*, 663 So.2d 27, 32 (La. 1995).

[5]     *Id.*

[6]     28 U.S.C. § 2254(d).

[7]     *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied*, 117 S. Ct. 1114 (1997).

2

of insanity based on his experts' testimony, which, when compared against the state's lay testimony, rendered the state's testimony inconsequential. Bowman's argument goes to the weight rather than the sufficiency of the evidence. "[D]ifferences in opinion go to the weight of the evidence, . . . and such disputes are within the province of the jury to resolve."[8]  Our review of the record reveals that the evidence at trial was sufficient for a rational jury to conclude that Bowman failed to establish insanity by a preponderance of the evidence. Bowman is therefore not entitled to federal habeas relief.

AFFIRMED.

---

[8]  *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995).